NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3229
_____

MELVIN S. LOCKETT; JANIS NIEMIEC; MARTIN A. KOVACS,

Appellants

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JOHN WETZEL; RANDY BRITTON; MARDI VINCENT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cv-01314)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2013

Before:  SMITH, FISHER and CHAGARES, *Circuit Judges*.

(Filed: July 2, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Plaintiffs Melvin Lockett, Janis Niemiec, and Martin Kovacs, former employees

of the Pennsylvania Department of Corrections (the "DOC"), brought suit against

1

Defendants John Wetzel, Randy Britton, Mardi Vincent, and the DOC, asserting a claim under the Due Process Clause of the Fourteenth Amendment. The District Court granted Defendants' motion to dismiss for failure to state a claim. For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts necessary to our analysis.

As recently as 2011, Lockett was the superintendent of SCI-Pittsburgh, while Niemiec and Kovacs were both deputy superintendents. Plaintiffs worked for the DOC, whose management included Secretary of Corrections Wetzel, Deputy Secretary of Corrections Britton, and Deputy Secretary of Corrections Vincent. On May 2, 2011, Plaintiffs' employment was terminated amidst media scrutiny of alleged sexual abuse at the prison. That same day, Wetzel publicly announced that SCI-Pittsburgh would be moving in a "new direction." Am. Comp. ¶ 49.

On October 14, 2011, Plaintiffs brought suit in the U.S. District Court for the Western District of Pennsylvania under 42 U.S.C. § 1983, alleging that Defendants violated Plaintiffs' First Amendment right to freedom of association, along with the Pennsylvania Whistleblower Law, 43 P.S. § 1421 *et seq*. Plaintiffs' amended complaint of March 9, 2012, replaced the First Amendment claim with a Fourteenth Amendment

2

claim, which alleged that Wetzel's statement created a defamatory impression in the public that Plaintiffs had permitted sexual abuse of inmates or had refused to stop such abuse, which deprived Plaintiffs of a liberty interest in their reputations without due process.

On July 13, 2012, the District Court granted Defendants' motion to dismiss. The District Court specifically held that Plaintiffs' Fourteenth Amendment claim failed to include "factual allegations sufficient for the court to infer plausibly that Plaintiffs can meet the first requirement of the 'stigma-plus' test" set out in *Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006). The District Court then dismissed the state-law claim without prejudice. On August 8, 2012, Plaintiffs filed a timely notice of appeal.

II.

The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting a motion to dismiss for failure to state a claim. *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010).

"To survive a motion to dismiss, the factual allegations of a complaint must be enough to raise a right to relief above the speculative level and the complaining party must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013) (internal quotations and citations omitted).

III.

Plaintiffs raise one relevant issue on appeal: whether the District Court erred when it dismissed Plaintiffs' Fourteenth Amendment due process claim.[1] Plaintiffs assert that Defendants, with respect to Wetzel's "new direction" statement, deprived them of a liberty interest in their reputations without due process. The District Court, however, correctly dismissed Plaintiffs' due process claim because Plaintiffs failed to allege facts sufficient for the court to plausibly infer that they could meet the requirements of *Hill*'s "stigma-plus" test. Specifically, Plaintiffs failed to allege facts that would support a finding that Wetzel's public remarks were substantially and materially false.

In order to make out a due process claim for deprivation of a liberty interest in one's reputation, a plaintiff must show a stigma to his or her reputation plus some concomitant deprivation of an additional right or interest. *Hill*, 455 F.3d at 236. This is known as the "stigma-plus" test. *Id.* A defamatory statement by a government employer, combined with a termination, satisfies the "stigma-plus" test: the defamatory statement constitutes the stigma, and the termination constitutes the plus. *Id.* at 236, 238. In order to satisfy the stigma prong of the "stigma-plus" test, a plaintiff must show that (1) the alleged stigmatizing statement was made publicly; (2) the statement was substantially and

---

[1] Although Plaintiffs have spilled a significant amount of ink arguing that Defendants violated their First Amendment rights, Plaintiffs did not allege a First Amendment violation in their amended complaint, and the District Court (correctly) did not address Plaintiffs' First Amendment claim. Therefore, Plaintiffs' First Amendment claim is not properly before this Court.

materially false; and (3) the reputational harm was caused by the falsity of the statement. *See id.* at 236; *Ersek v. Twp. of Springfield*, 102 F.3d 79, 83-84 (3d Cir. 1996).

Plaintiffs have not alleged facts sufficient to satisfy the falsity aspect of the stigma prong. The alleged facts do not support a finding that Wetzel's statement – that the prison was moving in a "new direction" – was substantially and materially false. Given its vague nature, Wetzel's statement cannot easily be proven false. Plaintiffs argue that because some policies and procedures remained unchanged at SCI-Pittsburgh, and because the new superintendent made statements praising the "professionalism and teamwork evident in the facility" shortly after Plaintiffs' departure, *see* Am. Comp. ¶ 59, Wetzel's statement is demonstrably false in a substantial and material way. However, even if we were to ignore the new supervisor's additional statement that "[s]ome areas were tweaked or modified for better operating efficiency or for the enforcement of security practices," *id.*, these alleged facts at most support a plausible inference that the replacements did not conduct a complete overhaul of the prison and that the replacements were pleasantly surprised with the caliber of the staff; they do not support a plausible inference that Wetzel's "new direction" statement was substantially and materially false. Therefore, Plaintiffs cannot satisfy the stigma-plus test.

IV.

For the foregoing reasons, we will affirm the District Court's order granting Defendants' motion to dismiss.

5